STATE OF VERMONT

ENVIRONMENTAL COURT

| Appeal of Green Meadows | } | Docket No. 208-12-01 Vtec |
| Center, LLC | } | |
| | } | Docket No. 152-9-01 Vtec |
| Appeal of Tierney, et al. | } | |
| | } | |

Decision and Order on Motion for Reconsideration

The Court issued a decision on May 13, 2002, in the two above-captioned consolidated cases and a third, Docket No. 179-10-99 Vtec, involving property in Wilmington, Vermont. Docket No. 208-12-01 Vtec is an appeal from the Planning Commission' s denial of approval of a Planned Unit Development (PUD) for the property, and Docket No. 152-9-01 Vtec is an appeal from the ZBA' s grant of conditional use approval (Application #844) for the uses proposed in connection with the Planned Unit Development.

In each of these cases Patricia Tierney, John Scott, Louis Beaudette and Cynthia Beaudette are represented by Robin L. Stern, Esq.; the Town of Wilmington is represented by Richard M. Gale, Esq.; and the Applicants Green Meadows Center, LLC, Southeast Vermont Community Action, and The Community Alliance are represented by Richard D. Perra, Esq. Michael and Ellen Gilberg represent themselves in Docket No. 179-10-99 Vtec; however, they have not entered an appearance in the two above-captioned PUD cases.,

Because the Applicants are appellants in the most recent case, and are appellees in the two earlier cases, we will refer to them as ' Applicants,' and will refer to the parties represented by Attorney Stern as ' Neighbors.'

The Neighbors have requested the Court to reconsider its May 13, 2002 decision on two issues arising only in the two above-captioned cases: first, that the PUD ordinance was not intended to allow uses which are neither permitted uses nor conditional uses in the district in which the project is proposed, and, second, that the lack of proper notice of the ZBA meeting warrants the reversal of Permit #844 or its remand to the ZBA for consideration after a properly noticed hearing. The Neighbors' Motion for Reconsideration is GRANTED as to the first issue and DENIED as to the second issue.

Intent of the PUD regulation

The Neighbors are correct that the primary goal in construing a legislative enactment is to give effect to the intent of the legislative body, if that intent can be discerned. The parties, including the drafters and enactors of the disputed language, have submitted a stipulation that reveals their agreement that the intent of the regulation was that a use which is neither a permitted use nor a conditional use in the Residential zoning district may not be allowed as part of a PUD in the Residential zoning district. That is, the ZBA (and hence this Court) does not have authority to

consider for approval within a PUD any uses not otherwise allowed in the district in which the PUD is proposed.

Improper notice of the ZBA hearing

The Neighbors argue that the lack of proper notice of the ZBA hearing should result in denial of the permit or in remand for the ZBA to consider the permit after proper notice. However, such a result should only be considered if a person harmed by the lack of notice requests it. As the Court stated, " if the lack of proper notice prevented [the movants] from participating in the hearings before the ZBA, it could be grounds for a remand to the ZBA. If the lack of notification of appeal rights prevented them from bringing a timely appeal, it could be grounds for allowing an appeal to be filed out of time, or for a remand to the ZBA." No party to this case has asserted any detriment from the lack of notice, and no non-party has sought to come into the case out-of-time, asserting that lack of notice. Without any showing of harm, the lack of notice does not warrant a remand in this de novo proceeding. If the lack of notice also constitutes a violation of the open meeting laws, that statute provides enforcement mechanisms which must be asserted in superior court.

The merits of all three of these matters remain scheduled for June 26, 27 and 28, 2002, in Brattleboro. It may make sense to begin the hearing with a determination of each separate use now proposed for the project and the zoning use category into which that use falls. We will determine that scheduling with the parties at the outset of the hearing. However, if a telephone conference before the beginning of trial would be useful, it may be possible to schedule one for this afternoon or for tomorrow early afternoon. Please advise the Court as soon as possible if a conference is requested.

Done at Barre, Vermont, this 24th day of June, 2002.

_____
Merideth Wright
Environmental Judge